QUESTION:
Are school board members `officers' within the context of s.112.08, F. S. (1976 Supp.)?
SUMMARY:
District school board members are `officers' within the context and purview of s. 112.08, F. S. (1976 Supp.); therefore, district school boards are authorized to provide and pay out of available school district funds all or part of the premiums for the designated group insurance for school board members.
Section 112.08, F. S., as amended by Ch. 77-89, Laws of Florida provides in pertinent part:
 Every local government unit is hereby authorized to provide and pay out of its available funds for all or part of the premiums for life, health, accident, hospitalization, or annuity insurance, or all of any kinds of such insurance, for the officers and employees of the unit, upon a group insurance plan and, to that end, to enter into contracts with insurance companies or professional administrators to provide such insurance. . . . Each county, municipality, school board, local governmental unit, and special taxing district of the state may self-insure any plan for health, accident, and hospitalization coverage, subject to approval based on actuarial soundness by the Department of Insurance. Each shall contract with an insurance company or professional administrator qualified and approved by the Department of Insurance to administer such plan.
The foregoing statutory provision was brought into the statutes by s. 1, Ch. 76-208, Laws of Florida. Section 1 of Ch. 76-208
substantially reworded former s. 112.08, F. S. 1975, where had authorized `each and every county, school board, governmental unit, department, board or bureau of the state' to provide for a group insurance program for the `officers and employees thereof.' Furthermore, former s. 112.12, F. S. 1975, repealed by s. 4, Ch.76-208, authorized school boards, as well as other specified governmental units, to pay the premiums for the designated types of group insurance. Section 112.081, F. S. (1976 Supp.), in pertinent part authorizes the district school boards which provide group insurance plans for their officers and employees to allow retired former personnel the option of continuing to participate in such group insurance plans, at the cost of such retired personnel. Section 112.08, F. S., as amended by Ch. 76-208, expressly authorizes every school board to self-insure any plan for the designated insurance coverage, subject to approval by the Department of Insurance. Section 112.09, F. S., specifically provides that, in case of a school district, the school board shall exercise its authority to provide such group insurance coverage by resolution duly recorded in its official minutes. Section 112.10, F. S., specifically authorizes the school board to deduct from the wages of any officer or employee of the school district, periodically, the amount of the premiums which such officer or employee has agreed to pay for such insurance and to remit the same to the insurance company issuing such group insurance. It, therefore, seems clear from the aforementioned statutes as well as the legislative history of s. 112.08, F. S. (1976 Supp.), that district school boards are, for the purpose of the statute, `local government units' which may enter into contracts with insurance companies or professional administrators to provide the designated group insurance for their officers and employees.
That school board members are public officers is beyond question, requiring no citation of precedent to substantiate. See s. 4, Art. IX, State Const., and ss. 230.01, 230.03, 230.05, 230.12, 230.22, and 230.23, F. S. Section 112.08, F. S. (1976 Supp.), among other things, provides for the designated group insurance coverage `for the officers . . . of the unit.' School board members are officers of the school district, the unit for the control, organization, and administration of schools in the district (see s. 230.01), and constitute the governing body of the school district, a body corporate (see s. 230.21, F. S.). They are not excepted or excluded from the operation of s. 112.08, nor is the term `officers' limited to any particular officers of the local governmental units by any statutory provision of which I am aware. The language, `for the officers and employees of the unit,' is all-inclusive. Where the Legislature uses a comprehensive term (`officers . . . of the unit') withouit qualification, it must be considered that it intended to include everything embodied within the term unless the context of the statute clearly suggests otherwise. See Florida Industrial Commission v. Growers Equipment Co. 12 So.2d 889, 893-894 (Fla. 1943); Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 576 (Fla. 1958).
Moreover, s. 112.14 expressly authorizes the payment of group insurance premiums `for county officers whose compensation is fixed by Chapter 145 [F. S.], in addition to the compensation provided in Chapter 145 [F. S.].' School board members, except in those counties excluded by s. 145.041(2), are compensated or paid salaries pursuant to the provisions of s. 145.041(1). And, even though s. 145.17 prohibits officers whose compensation is fixed by Ch. 145 from receiving supplemental income [see also s. 145.131(1) and (2)], s. 145.131(3) expressly permits the payment of all or any portion of the costs of the designated group insurance authorized by s. 112.08, F. S. (1976 Supp.), for such officers, since such payments are deemed not to be compensation within the purview of Ch. 145.
Prepared by: Patricia R. Gleason Assistant Attorney General